IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| THOMAS LOFTON, II | * | |
| | * | |
| PLAINTIFF | * | CIVIL ACTION NO. |
| VS. | * | |
| | * | |
| EQUIFAX INFORMATION SERVICES, LLC | * | COMPLAINT AND DEMAND |
| | * | FOR A JURY TRIAL |
| DEFENDANT | * | |

## COMPLAINT

### I. INTRODUCTION

1. This is an action for damages brought by an individual consumer, who is a victim of mistaken identity, for defendant Equifax Information Services, LLC's violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681.

### II. JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. §1681p, 28 U.S.C. §§ 1331 and 1337.

### III. PARTIES

3. Plaintiff, Thomas Lofton, II (hereinafter referred to as "plaintiff" or "Mr. Lofton") is a natural person who resides in East Baton Rouge Parish, Louisiana, and is a "consumer" as defined by the FCRA, 15 U.S.C. § 1681a(c).

4. Defendant, Equifax Information Services, LLC (hereinafter referred to as "Equifax" or "defendant"), is a consumer reporting agency under the FCRA. Equifax is a foreign limited liability company doing business in the state of Louisiana, who can be served through its registered agent for service of process, Corporation Service Company, 320 Somerulos Street, Baton

Rouge, LA 70802.

## IV. FACTUAL ALLEGATIONS

5.     Plaintiff's father, Thomas Lofton, was sued in the Nineteenth Judicial District Court in and for the parish of East Baton Rouge, in a matter entitled, "ACR Naylor, Ltd. v. Thomas Lofton d/b/a BBBRC," Suit Number 590,752, Section 22 ("state court lawsuit").

6.     On January 11, 2013, judgment was signed in that matter in favor of ACR Naylor, Ltd. and against Thomas Lofton for the sum of $32,562.30 together with legal interest and costs.

7.     Equifax maintains files on millions of consumers in the United States and sells tens of millions of consumer reports each year to entities who have permissible purposes to request such reports under the FCRA.

8.     In June 2013, plaintiff attempted to finance the purchase of a motor vehicle and learned that defendant Equifax was reporting in its consumer report prepared on plaintiff, that the judgment taken against his father in the state court lawsuit, was actually against plaintiff.

9.     Plaintiff contacted the attorney for his father, Randy Ligh, and thereafter attempted to obtain documentation that the judgment was not against him but was against his father.

10.    On February 1, 2014, Lewis Ross, the principal of ACR/Naylor, Ltd., the entity which took the judgment against plaintiff's father Thomas Lofton in the state court lawsuit, provided plaintiff with a letter stating the judgment was against plaintiff's father, and not plaintiff.

11.    On March 25, 2014, plaintiff mailed a letter to defendant disputing the presence of this judgment on his consumer report and included both a certified copy of the state court lawsuit judgment and a copy of the February 1, 2014 letter from Lewis Ross.

12. On April 3, 2014, defendant responded to plaintiff's dispute letter verifying that the judgment was against him.

13. On April 17, 2014, plaintiff again sent another dispute letter to Equifax and again included the state court lawsuit judgment and the letter from Lewis Ross, and also requested the defendant provide him with "a description of the procedure used to determine the accuracy and completeness of this information, including the business name and address of the furnisher of information contacted, and its telephone number" as set forth in the FCRA 15 U.S.C. § 1681i(a)(6)(B)(iii). A copy of this letter and its enclosures is attached hereto.

14. Defendant received this letter on April 20, 2014.

15. Pursuant to 15 U.S.C. § 1681(a)(7), defendant had fifteen days to provide plaintiff with the information set forth in 15 U.S.C. § 1681i(a)(6)(B)(iii).

16. Defendant never provided plaintiff with "a description of the procedure used to determine the accuracy and completeness of this information, including the business name and address of the furnisher of information contacted, and its telephone number" as set forth in 15 U.S.C. § 1681i(a)(6)(B)(iii).

17. Plaintiff was attempting to finance the purchase a home during the time the above-referenced disputes were taking place.

18. The mortgage company which plaintiff was using to attempt to finance this purchase obtained or pulled a consumer report from Equifax, and this report included the judgment from the state court lawsuit.

19. Plaintiff's attempts to finance the purchase of a home were made more difficult by Equifax including this judgment on his consumer report.

## EQUIFAX'S PRACTICES

20. Defendant Equifax negligently and willfully failed to comply with the requirements of FCRA, including but not limited to:

   a) failing to follow reasonable procedures to assure maximum possible accuracy of the information in consumer reports concerning plaintiff, as required by 15 U.S.C. § 1681e(b);

   b) failing to comply with the reinvestigation requirements in 15 U.S.C. § 1681i(a);

   c) failing to provide plaintiff with the information set forth in 15 U.S.C. § 1681i(a)(6)(B)(iii) within the fifteen day period provided by 15 U.S.C. § 1681(a)(7).

21. As a result of defendant Equifax's failures to comply with the requirements of the FCRA, plaintiff has suffered actual damages, including difficulty in obtaining credit, and damage to his reputation and emotional distress for which he seeks damages in amounts to be determined by the jury. Plaintiff also seek punitive damages from defendant in an amount to be determined by the jury.

WHEREFORE, plaintiff respectfully requests that the Court grant the following relief in his favor and against defendant for:

   a) Actual damages;

   b) Punitive damages;

   c) Attorney fees, litigation expenses and costs; and

   d) Such other and further relief as is appropriate.

A JURY TRIAL IS DEMANDED.

s/Garth J. Ridge
**GARTH J. RIDGE**
Attorney for Plaintiff
Bar Roll Number:  20589
251 Florida Street, Suite 301
Baton Rouge, Louisiana 70801
Telephone Number:  (225) 343-0700
Facsimile Number: (225) 343-7700
E-mail: GarthRidge@aol.com